UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND
SOUTHERN DIVISION

| | |
|---|---|
| ALEXANDER ZAJAC, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>- against -<br><br>UNITED AIRLINES INC.,<br><br>                Defendant | 8:23-cv-03145-PX |

Plaintiff's Memorandum of Law in Opposition to
Defendant's Motion to Dismiss the Complaint

## TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................................................................ ii

TABLE OF AUTHORITIES ......................................................................................................... iii

INTRODUCTION .......................................................................................................................... 1

FACTUAL BACKGROUND ......................................................................................................... 1

LEGAL STANDARDS .................................................................................................................. 2

ARGUMENT .................................................................................................................................. 3

I.   VOLUNTARY ENVIRONMENTAL INITIATIVES OUTSIDE THE
     "RATES, ROUTES OR SERVICES" SCOPE OF ADA ................................................... 3

II.  PLAINTIFF ADEQUATELY PLED CPA CLAIM ........................................................... 4

     A.   Allegations Satisfied Rule 9(b) ................................................................................ 5

     B.   "100% Green" and Focus on Sustainable Aviation Fuels Went
          Beyond "Aspirational Goals" ................................................................................... 6

     C.   Website Information Insufficient to Cure Deception ............................................... 7

III. PLAINTIFF ALLEGED A TANGIBLE INJURY .............................................................. 7

CONCLUSION ............................................................................................................................... 8

# TABLE OF AUTHORITIES

**Cases**

*Air Evac EMS, Inc. v. Cheatham*,
   910 F.3d 751 (4th Cir. 2018) .................................................................................... 3, 4

*Am. Airlines, Inc. v. Wolens*,
   513 U.S. 219 (1995) ................................................................................................... 3, 4

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ...................................................................................................... 2

*Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*,
   888 F.3d 696 (4th Cir. 2018) ....................................................................................... 5

*Barber v. Nestlé USA, Inc.*,
   154 F. Supp. 3d 954 (C.D. Cal. 2015) ..................................................................... 6, 7

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ...................................................................................................... 2

*Bey v. Shapiro Brown & Alt. LLP*,
   997 F. Supp. 2d 310 (D. Md. 2014) ............................................................................ 5

*Brennan v. Deluxe Corp.*,
   361 F. Supp. 3d 494 (D. Md. 2019) ............................................................................ 2

*Brown-High v. L'Oreal USA, Inc.*,
   No. 17-cv-276, 2017 WL 5952688 (D. Md. Nov. 29, 2017) ..................................... 5

*Bryant v. Koppers, Inc.*,
   627 F. Supp. 3d 466 (D. Md. 2022) ............................................................................ 5

*Chambers v. King Buick GMC, LLC*,
   43 F. Supp. 3d 575 (D. Md. 2014) .............................................................................. 7

*Dwoskin v. Bank of Am., N.A.*,
   850 F. Supp. 2d 557 (D. Md. 2012) ............................................................................ 4

*Earth Island Institute v. The Coca-Cola Company*,
   No. 21-ca-001846, 2022 WL 18492133 (D.C. Super. Nov. 10, 2022) ................. 6, 7

*Ferdinand-Davenport v. Children's Guild*,
   742 F. Supp. 2d 772 (D. Md. 2010) ............................................................................ 8

*Firewalker-Fields v. Albertson*,
   No. 19-cv-00741, 2020 WL 2946071 (W.D. Va. June 3, 2020) .............................. 2

*Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*,
    528 U.S. 167 (2000) .................................................................................................... 2

*Goldfarb v. Mayor and City Council of Baltimore*,
    791 F.3d 500 (4th Cir. 2015) .................................................................................... 2

*Graves v. Lioi*,
    930 F.3d 307 (4th Cir. 2019) .................................................................................... 5

*Hundley v. Air Evac EMS, Inc.*,
    No. 16-cv-12428, 2019 WL 1428691 (S.D.W. Va. Mar. 29, 2019) ......................... 3

*In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*,
    No. 21-cv-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022) ................................ 8

*Jones v. Koons Auto., Inc.*,
    752 F. Supp. 2d 670 (D. Md. 2010) .......................................................................... 7

*Lavine v. Am. Airlines, Inc.*,
    No. 2917, Sept. Term, 2009, 2011 WL 13377948 (Md. Ct. Spec. App. Dec. 1,
    2011) ........................................................................................................................ 3

*Lloyd v. General Motors Corp.*,
    916 A.2d 257 (2007) ................................................................................................ 4

*Lujan v. Defs. of Wildlife*,
    504 U.S. 555 (1992) ................................................................................................. 2

*Morales v. Trans World Airs., Inc.*,
    504 U.S. 374 (1992) ............................................................................................. 3, 4

*Myers v. Starbucks Corp.*,
    No. 20-cv00335, 2020 WL 13302437 (C.D. Cal. July 29, 2020) ............................ 6

*Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.*,
    419 F. Supp. 2d 715 (D. Md. 2006) .......................................................................... 7

*Ruiz v. Darigold, Inc./Nw. Dairy Ass'n*,
    No. 14-cv-01283, 2014 WL 5599989 (W.D. Wash. Nov. 3, 2014) ......................... 6

*Sheppard v. Visitors of Va. State Univ.*,
    993 F.3d 230 (4th Cir. 2021) .................................................................................... 2

*Smith v. Comair, Inc.*,
    134 F.3d 254 (4th Cir. 1998) .................................................................................... 3

*U.S. ex rel. Palmieri v. Alpharma, Inc.*,
    No 10-cv-1601, 2014 WL 1168953 (D. Md. Mar. 21, 2014) ................................... 5

*Williams v. BTST Servs., LLC*,
   No. 21-cv-1732, 2023 WL 2585069 (D. Md. Mar. 21, 2023) .................................................. 5

**Statutes**

49 U.S.C. § 41713 ............................................................................................................................ 3

Md. Code Ann. § 13-101 ................................................................................................................ 1

Md. Code Ann. § 13-303(1) ............................................................................................................ 4

**Rules**

Fed. R. Civ. P.  8(a)(2) .................................................................................................................... 2

Fed. R. Civ. P.  9(b) ......................................................................................................................... 5

Fed. R. Civ. P. 12(b)(1) ................................................................................................................... 2

Fed. R. Civ. P. 12(b)(6) ................................................................................................................... 2

**Regulations**

16 C.F.R. § 260.15(a) ...................................................................................................................... 6

16 C.F.R. § 260.4(a) .................................................................................................................... 4, 7

16 C.F.R. § 260.4(b) ........................................................................................................................ 6

16 C.F.R. § 260.4(c) ..................................................................................................................... 6, 7

## INTRODUCTION

Plaintiff Alexander Zajac ("Plaintiff") submits this Memorandum of Law in Opposition to the Motion by Defendant United Airlines Inc. ("Defendant" or "United") to Dismiss the Complaint ("Compl."). ECF Nos. 1, 8.

Plaintiff brings a claim for violations of the Maryland Consumer Protection Act ("CPA"), Commercial Law, Md. Code Ann. § 13-101, *et seq*., Compl. ¶¶ 81-94, on behalf of Maryland air travelers who "purchased flights on United or via United through its codeshare partners in reliance on its environmental claims." Compl. ¶¶ 73, 81-94.[1] Plaintiff seeks monetary relief, expenses, and reasonable attorneys' fees. Compl. at 19, Prayer for Relief, ¶¶ 2-4.

In support of dismissal, Defendant relies on preemption "related to" its marketing of "rates, routes and services," and by characterizing its environmental claims as "aspirational." ECF No. 20-1, Memorandum of Law in Support of Motion to Dismiss ("Def. Mem.") at 2. Neither argument is a basis for dismissal, and its Motion should be denied.

## FACTUAL BACKGROUND

To appeal to the "More than two-thirds of travelers [who] want to make greater efforts at traveling sustainably," Defendant "tells consumers it will be '100% green and 'Carbon neutral by 2050'" through initiatives including "Eco-Skies" and its focus on "sustainable aviation fuel ('SAF')." Compl. ¶¶ 12, 14, 19, 25.

However, these claims "misrepresent[], directly and by implication, the environmental impact of flying," causing "Plaintiff [to] pa[y] more to fly on United than he otherwise would have had he known its representations and omissions about its environmental efforts were false and misleading." Compl. ¶¶ 19, 72.

---

[1] Plaintiff withdraws his claim for common law fraud.

## LEGAL STANDARDS

When deciding a Rule 12(b)(1) motion to dismiss for lack of subject matter jurisdiction, "well-pled facts in the complaint [are viewed] in the light most favorable to the plaintiff." *Goldfarb v. Mayor and City Council of Baltimore*, 791 F.3d 500 (4th Cir. 2015).

A plaintiff must show that "he has suffered (1) an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.*, 528 U.S. 167, 180-81 (2000); *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560-61 (1992).

To proceed beyond a motion pursuant to Fed. R. Civ. P. 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 500 (D. Md. 2019). A claim has "facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

This liberal pleading standard merely requires "a short and plain statement of the claim showing that the pleader is entitled to relief." *Sheppard v. Visitors of Va. State Univ.*, 993 F.3d 230, 234 (4th Cir. 2021) quoting Fed. R. Civ. P. 8(a)(2).

Specific facts are not necessary, as the challenged statements need only "give the defendant fair notice of what the claim is and the grounds upon which it rests." *Firewalker-Fields v. Albertson*, No. 19-cv-00741, 2020 WL 2946071, at *2 (W.D. Va. June 3, 2020) citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

**ARGUMENT**

**I. VOLUNTARY ENVIRONMENTAL INITIATIVES OUTSIDE THE "RATES, ROUTES OR SERVICES" SCOPE OF ADA**

While courts have generally held that "fraud and consumer protection claims related to prices and services [are] preempted by the [Airline Deregulation Act of 1978, 49 U.S.C. § 41713 ('ADA')]," this requires "look[ing] at the facts underlying the specific claim." Def. Mem. at 11 citing *Morales v. Trans World Airs., Inc.*, 504 U.S. 374, 383-84 (1992) and *Am. Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995); *Lavine v. Am. Airlines, Inc.*, No. 2917, Sept. Term, 2009, 2011 WL 13377948, at *8 (Md. Ct. Spec. App. Dec. 1, 2011) quoting *Smith v. Comair, Inc.*, 134 F.3d 254, 259 (4th Cir. 1998).

In all instances, courts "must respect the precise boundaries Congress placed on the statute," which "does not protect air carriers from suits 'alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings.'" *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751, 762 (4th Cir. 2018); *Hundley v. Air Evac EMS, Inc.*, No. 16-cv-12428, 2019 WL 1428691, at *4 (S.D.W. Va. Mar. 29, 2019) quoting *Wolens*, 513 U.S. at 228.

Plaintiff alleged how "millions of Americans are willing to 'vote with their dollars' to reward companies taking climate action," because they realize "The impact of climate change on health, economies, and the supplies of food and water have been severe." Compl. ¶¶ 2, 9. The Complaint describes how "large companies [like Defendant] have adopted social responsibility codes" and how "[T]he[ir] voluntary environmental initiatives go beyond legal requirements." Compl. ¶¶ 6-7.

These voluntary practices have no impact on Defendant's "ability to set its rates, routes or services," because "these aspects of the [initiatives do not] 'relate to' airline rates," only the interest

3

in making it appear "ecologically friendly." *Morales*, 504 U.S. at 388; Compl. ¶ 70.

Plaintiff alleged Defendant "violated several provisions of the CPA by making false statements" of its commitment to be "100% Green," by emphasizing "energy sources which were not fossil fuels." *Dwoskin*, 850 F. Supp. 2d at 569; Compl. ¶ 89. Further, Plaintiff is not "attempting to use the state law to impose" actions "not required by the [ADA,]" but only "to enforce a similar general duty not to mislead or deceive customers." *Dwoskin v. Bank of Am., N.A.*, 850 F. Supp. 2d 557, 569 (D. Md. 2012); Compl. ¶ 19 citing 16 C.F.R. § 260.4(a) ("It is deceptive to misrepresent, directly or by implication, that a product, package, or service offers a general environmental benefit.").

As the "ADA preemption clause does not…prevent the enforcement of state laws with only a tangential relation to an air carrier's operations," Defendant cannot explain how "highlight[ing] [of] its environmental initiatives to obtain positive media publicity" "relates to" its "rates, routes or services." *Cheatham*, 910 F.3d at 762; Compl. ¶ 15; *Wolens*, 513 U.S. at 225.

While the plaintiffs in *Wolens* were allowed to seek relief based on breach of contract claims, this was in the context of "[that] airline dishonor[ing] a term the airline itself stipulated," similar to the false promises made to Plaintiff that "flying c[ould] be made ecologically friendly, [] 100% green, and how [Defendant's] SAF usage was [not] de minimis relative to traditional fossil fuels." *Wolens*, 513 U.S. at 232-33; Compl. ¶ 90.

## II.   PLAINTIFF ADEQUATELY PLED CPA CLAIM

The CPA prohibits businesses from making a "[f]alse, falsely disparaging, or misleading oral or written statement, visual description, or other representation of any kind which has the capacity, tendency, or effect of deceiving or misleading consumers." *Lloyd v. General Motors Corp.*, 916 A.2d 257, 276 (2007) citing Md. Code Ann. § 13-303.

A consumer "bringing a private action under [the CPA] must allege (1) an unfair or

deceptive practice or misrepresentation that is (2) relied upon, and (3) causes them actual injury." *Brown-High v. L'Oreal USA, Inc.*, No. 17-cv-276, 2017 WL 5952688, at *7 (D. Md. Nov. 29, 2017) citing *Bey v. Shapiro Brown & Alt. LLP*, 997 F. Supp. 2d 310, 319 (D. Md. 2014).

A.  Allegations Satisfied Rule 9(b)

Though Defendant contends that the CPA claim "sound[s] in fraud, [and] subject to the stringent pleading requirements of Rule 9(b)," Plaintiff provided the "who, what, where, when, and how" or "the first paragraph of any newspaper story." Def. Mem. at 17 citing *Bryant v. Koppers, Inc.*, 627 F. Supp. 3d 466, 477 (D. Md. 2022); *Bakery & Confectionary Union & Indus. Int'l Pension Fund v. Just Born II, Inc.*, 888 F.3d 696, 705 (4th Cir. 2018); *U.S. ex rel. Palmieri v. Alpharma, Inc.*, No 10-cv-1601, 2014 WL 1168953, at *7 (D. Md. Mar. 21, 2014) .

The "who" was "United Airlines Inc." Compl. ¶ 61. The "what" were its environmental promises, including "Eco-Skies," descriptions as "100% Green" and "Carbon neutral by 2050," and promotion of "100% Sustainable Aviation Fuel." Compl. ¶¶ 14-18.

The "where" and "when" was in Maryland, when Plaintiff paid "money directly to United or its codeshare partners," "between October 2020 and October 2023." Compl. ¶ 71. The "how" was because "Plaintiff…was unaware of the extent flying cannot be made ecologically friendly, not be 100% green, and how [Defendant's] SAF usage was de minimis relative to traditional fossil fuels." Compl. ¶ 90.

These "short and plain statement[s]" are sufficient to "give [Defendant] fair notice" of how Plaintiff and consumers believe its "environmental claims were false and misleading," and the Court is required to "embrace those specific facts that are necessary to support his claim." *Williams v. BTST Servs., LLC*, No. 21-cv-1732, 2023 WL 2585069, at *1 (D. Md. Mar. 21, 2023); *Graves v. Lioi*, 930 F.3d 307, 317 (4th Cir. 2019); Compl. ¶¶ 89, 97.

5

B.  "100% Green" and Focus on Sustainable Aviation Fuels Went Beyond "Aspirational Goals"

Though Defendant seeks to recast its environmental initiatives as based on "aspirational language [e.g.,] 'promotes,' 'aims,' and 'supports,'" this is belied by its concrete assertions like "Now flying using sustainable aviation fuel (SAF)!," "100% green" and "Carbon neutral by 2050." Def. Mem. at 22-23 citing *Earth Island Institute v. The Coca-Cola Company*, No. 21-ca-001846, 2022 WL 18492133, at *3 (D.C. Super. Nov. 10, 2022), *Myers v. Starbucks Corp.*, No. 20-cv00335, 2020 WL 13302437, at *4 (C.D. Cal. July 29, 2020), *Barber v. Nestlé USA, Inc.*, 154 F. Supp. 3d 954, 962-64 (C.D. Cal. 2015), *Ruiz v. Darigold, Inc./Nw. Dairy Ass'n*, No. 14-cv-01283, 2014 WL 5599989, at *4 (W.D. Wash. Nov. 3, 2014); Compl. ¶¶ 14-16, 98.

These are the type of "unqualified general environmental benefit[] claims" which "convey[ed] that [its] product, [] or service ha[d] specific and far-reaching environmental benefits," even though biofuel production "requires significant energy usage and caus[es] direct environmental harm," notwithstanding "almost all the energy [Defendant] uses comes from non-renewable fossil fuels. Compl. ¶¶ 28 and 38 citing 16 C.F.R. § 260.4(b) and 16 C.F.R. § 260.15(a).

Additionally, Plaintiff's definition of "sustainable" as "the absence of GHG emissions" is consistent with how the Federal Trade Commission ("FTC") interpreted this term, as "convey[ing] that [an] item or service has no negative environmental impact." Compl. ¶¶ 27-28 citing 16 C.F.R. § 260.4(b).

Moreover, "sustainable" implied Defendant's use of biofuel was "more environmentally beneficial overall because of [its] particular touted benefit(s)," being "not from traditional fossil fuels." Compl. ¶ 33 citing 16 C.F.R. § 260.4(c).

Consequently, "United's description of alternative aviation fuels from biomaterials as 'sustainable' [was] misleading because this convey[ed] general environmental benefits [it]

6

lack[ed]." Compl. ¶ 26 citing 16 C.F.R. § 260.4(a).

Finally, the impact of the touted biofuels is minimal because, "according to the International Air Transport Association ('IATA'), [it] accounts for less than 0.1% of aviation fuels used [per year]." Compl. ¶¶ 38-40.

Thus, to accept "a certain level of non-compliance" was inconsistent with the absence of "clear and prominent qualifying language that limit[ed] the[se] claim[s] to a specific benefit or benefits." *Barber*, 154 F. Supp. 3d at 964; 16 C.F.R. § 260.4(c); Compl. ¶ 34.

C.  Website Information Insufficient to Cure Deception

Defendant's "website [which] [] explain[s] the details of its SAF program" are to be commended, as is its honesty that it "still [has] a long way to go to achieve net zero by 2050." Def. Mem. at 26-27 citing *Earth Island Institute*, 2022 WL 18492133, at *3.

However, Plaintiff provided "numerous pictures [from] online [used in] marketing, advertising, [] press releases and [other] stories," which conveyed that United was "100% green" and would be "Carbon neutral by 2050," through programs such as "sustainable aviation fuel," which were sufficient to, and did, "mislead and confuse consumers given th[is] [] context." *Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.*, 419 F. Supp. 2d 715, 728 (D. Md. 2006); Compl. ¶¶ 14-18.

### III. PLAINTIFF ALLEGED A TANGIBLE INJURY

Defendant is incorrect to assert that "the injury [Plaintiff] [] alleges is not [] cognizable," because he "paid more to fly on United than he otherwise would have had he known its representations and omissions about its environmental efforts were false and misleading." Def. Mem. at 27 citing *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 622 (D. Md. 2010) and *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575, 683 (D. Md. 2014); Compl. ¶ 72.

In contrast to *Jones* and *Chambers*, Plaintiff's allegations of "an overpayment, or price

7

premium, whereby [he] pa[id] more than []he would have but for the[se] deceptive practice[s]" is sufficient within this Circuit to establish standing. *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*, No. 21-cv-269, 2022 WL 10197651, at *8 (E.D. Va. Oct. 17, 2022); *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 2d 772, 783 (D. Md. 2010); Compl. ¶ 112.

## CONCLUSION

For the foregoing reasons, the Court should deny Defendant's Motion, or in the alternative, grant leave to file an Amended Complaint.

Dated:   February 26, 2024

                                                Respectfully submitted,

                                                /s/ Spencer Sheehan
                                                Sheehan & Associates P.C.
                                                60 Cuttermill Rd Ste 412
                                                Great Neck NY 11021
                                                (516) 268-7080
                                                spencer@spencersheehan.com

## Certificate of Service

I certify that on February 26, 2024, I served and/or transmitted the foregoing by the method below to the persons or entities indicated, at their last known address of record (blank where not applicable).

|  | CM/ECF | First-Class Mail | Email | Fax |
|---|---|---|---|---|
| Defendant's Counsel | ☒ | ☐ | ☐ | ☐ |
| Plaintiffs' Counsel | ☐ | ☐ | ☐ | ☐ |
| Courtesy Copy to Court | ☒ | ☐ | ☐ | ☐ |

/s/ Spencer Sheehan