# UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND
### SOUTHERN DIVISION

ALEXANDER ZAJAC, individually and on behalf of all others similarly situated,

        Plaintiff,

  v.

UNITED AIRLINES, INC.,

        Defendant.

Case No. 8:23-cv-03145

Hon. Paula Xinis

---

## UNITED AIRLINES, INC.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S CLASS ACTION COMPLAINT

Laura Basem Jacobs, #03142
Thomas F. Stowe, #30556
BUDOW AND NOBLE, P.C.
12300 Twinbrook Pkwy., Suite 540
Rockville, MD 20852
Tel.    301-654-0896
ljacobs@budownoble.com
tstowe@budownoble.com

Sondra A. Hemeryck (*pro hac vice*)
Eli J. Litoff (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
70 W. Madison Street, Suite 2900
Chicago, IL 60602
Tel.    312-471-8700
shemeryck@rshc-law.com
elitoff@rshc-law.com

Brendan Gerdes (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Tel.    212-660-1040
bgerdes@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*

## <u>TABLE OF CONTENTS</u>

<u>Page</u>

INTRODUCTION ................................................................................................................. 1

ARGUMENT ...................................................................................................................... 2

I.     The ADA Preempts Plaintiff's MCPA Claim.................................................... 2

II.    Plaintiff Fails to State a Claim Against United...................................................... 5

     A.    Plaintiff Has Failed to Adequately Plead Any Elements of His Claim. ................. 5

     B.    Plaintiff Fails to Allege a Cognizable Injury Under The MCPA........................... 9

CONCLUSION .................................................................................................................. 10

## <u>TABLE OF AUTHORITIES</u>

<u>Page</u>

C<small>ASES</small>

*Air Evac EMS, Inc. v. Cheatham*,
910 F.3d 751 (4th Cir. 2018) ..................................................................................3, 5

*American Airlines, Inc. v. Wolens*,
513 U.S. 219 (1995).........................................................................................2, 3, 4, 5

*Botts v. Johns Hopkins Univ.*,
No. CV ELH-20-1335, 2021 WL 1561520 (D. Md. Apr. 21, 2021) ........................8

*Chambers v. King Buick GMC, LLC*,
43 F. Supp. 3d 575 (D. Md. 2014) ..........................................................................9

*Dwoskin v. Bank of Am., N.A.*,
850 F. Supp. 2d 557 (D. Md. 2012) ......................................................................4, 5

*Ferdinand-Davenport v. Children's Guild*,
742 F. Supp. 772 (D. Md. 2010) ...........................................................................10

*Francis v. Giacomelli*,
588 F.3d 186 (4th Cir. 2009) ..................................................................................8

*In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*,
No. 21-cv-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022)................................9

*Graves v. Lioi*,
930 F.3d 307 (4th Cir. 2019) ..................................................................................6

*Hundley v. Air Evac EMS, Inc.*,
No. 2:16-CV-12428, 2019 WL 1428691 (S.D.W. Va. Mar. 29, 2019) ...................3

*Jones v. Koons Auto., Inc.*,
752 F. Supp. 2d 670 (D. Md. 2010) ........................................................................9

*Lavine v. Am. Airlines, Inc.*,
No. 2917, 2011 WL 13377948 (Md. Ct. Spec. App. Dec. 1, 2011) .........................3

*Morales v. Trans World Airlines, Inc.*,
504 U.S. 374 (1992).................................................................................................5

*Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.*,
419 F. Supp. 2d 715 (D. Md. 2006) ........................................................................8

*Rich v. Hersl*,
    No. ADC-20-488, 2022 WL 1423305 (D. Md. May 5, 2022) .................................................7

*Williams v. BTST Servs., Inc.*,
    No. MJM-21-1732, 2023 WL 2585069 (D. Md. Mar. 21, 2023) ............................................6

**STATUTES**

12 U.S.C. § 4901 ...................................................................................................................................4

12 U.S.C. § 4908(a) ..............................................................................................................................5

49 U.S.C. § 40101 .................................................................................................................................1

**RULES**

Fed. R. Civ. P. 9(b) .......................................................................................................................1, 5, 6, 9

## INTRODUCTION

United's motion to dismiss explained that Plaintiff's claims for violation of the Maryland Consumer Protection Act ("MCPA") (Count I) and fraud (Count II) should be dismissed with prejudice. In response, Plaintiff has withdrawn his fraud claim, but insists that his MCPA claim should proceed. But Plaintiff's response fails to meaningfully engage with—let alone refute—the arguments set forth in United's motion to dismiss. This action should be dismissed in its entirety and with prejudice.

First, as explained in United's motion, Plaintiff's MCPA claim should be dismissed because it is preempted by the Airline Deregulation Act of 1978, 49 U.S.C. § 40101, *et seq.* (the "ADA"). The United States Supreme Court has expressly held that the ADA preempts state-law consumer protection claims arising out of the way an airline markets its services—the exact claim Plaintiff brings in this case. It is, therefore, unsurprising that Plaintiff's response ignores this binding precedent and fails to cite a single case in which any court has allowed a similar claim against an airline to proceed. The reason is clear: the claim is preempted.

United's motion to dismiss also showed that, preemption aside, Plaintiff's conclusory allegations fall woefully short of Rule 9(b)'s heightened pleading standard. The Complaint is bereft of any specifics regarding what representations Plaintiff supposedly saw, when he saw them, how he saw them, or how, exactly, they misled him. Rather than engage with United's arguments, Plaintiff's response merely parrots the insufficient allegations of his Complaint and asserts in conclusory fashion that they are sufficient. Plaintiff's position is unsupported by the law and, for this reason as well, the Complaint should be dismissed.

Finally, United's motion explained that Plaintiff's MCPA claim independently fails because his allegation that he paid a "price premium" based on deception does not establish a cognizable

injury under the MCPA. Plaintiff's response fails to distinguish United's cited authority, confirms his claims are based on a mere "price premium" theory, and cites inapposite case law that does not support his claim proceeding. Accordingly, Plaintiff's failure to plead a cognizable injury provides an independent ground for dismissal.

## **ARGUMENT**

### I.       **The ADA Preempts Plaintiff's MCPA Claim.**

As set forth in United's motion to dismiss, Plaintiff's claim is preempted by the ADA. Dkt. 8, at 4-11. United's motion cited nearly 20 directly applicable cases—including multiple United States Supreme Court decisions—holding that state-law consumer protection claims related to an airline's rates, routes, or services (i.e. the exact claim asserted by Plaintiff), are preempted. *Id.* Plaintiff's response does not meaningfully engage with any of this binding and persuasive authority. Instead, Plaintiff ignores decades of precedent and addresses the preemption argument in just a few short paragraphs. *See* Dkt. 13, at 3-4. As best United can interpret Plaintiff's vague, confusing, and essentially undeveloped response, it appears to assert two arguments, each of which should be rejected.

First, Plaintiff appears to argue (*id.* at 3) that the ADA does not apply because United's environmental initiatives are "voluntary," seemingly attempting to shoehorn his claim into the narrow exception to ADA preemption for claims "alleging no violation of state-imposed obligations, but seeking recovery solely for the airline's alleged breach of its own, self-imposed undertakings" that was articulated by the Supreme Court in *American Airlines, Inc. v. Wolens*, 513 U.S. 219, 228 (1995). This argument is a non-starter for several reasons. The Court in *Wolens* was referring to airlines' self-imposed ***contractual*** obligations, and the exception to preemption established by the Court applies only to "routine ***breach-of-contract claims***." *Wolens*, 513 U.S. at 232-33 (emphasis added). It does not apply to state-law consumer protection claims like the one

2

asserted by Plaintiff. To be clear: the plaintiffs in *Wolens* asserted **both** a breach of contract claim and a state-law consumer protection claim based on the same alleged conduct; the Court held that the state-law consumer protection claim was preempted even though it held the breach of contract claim could proceed. *Id.* at 228. The Court's holding was unambiguous: the ADA "confines courts, **in breach-of-contract actions**, to the parties' bargain, **with no enlargement or enhancement based on state laws or policies external to the agreement**." *Id.* at 233 (emphasis added).

Plaintiffs have not cited—and United is not aware of—a single case in which a court has applied the *Wolens* exception outside of a contractual dispute between parties to an agreement. To the contrary, Plaintiff's cited authority recognizes that the *Wolens* exception is limited to breach of contract claims, and only applies "if the claims can be decided within the four corners of a contract." *Lavine v. Am. Airlines, Inc.*, No. 2917, 2011 WL 13377948, at *7 (Md. Ct. Spec. App. Dec. 1, 2011). Plaintiff cites (without explanation) the Fourth Circuit's opinion in *Air Evac EMS, Inc. v. Cheatham*, 910 F.3d 751 (4th Cir. 2018), but that case does not support Plaintiff's argument. Indeed, the *Cheatham* court held that the state laws at issue were preempted by the ADA because they related to airline prices and were *not* within the *Wolens* exception. *Id.* at 766-68. Plaintiff also cites (again, without explanation) *Hundley v. Air Evac EMS, Inc.*, No. 2:16-CV-12428, 2019 WL 1428691 (S.D.W. Va. Mar. 29, 2019). In that case, the court made no determination as to whether the *Wolens* exception (or ADA preemption generally) applied to the plaintiff's claims. *Id.* at *4-5. Instead, the court deferred any ruling until after it could be determined whether the defendant was acting as an insurer, because if it was, the McCarran-Ferguson Act would override the ADA's preemption provision. *Id.* That holding has no bearing on the case at bar.

In short, the *Wolens* exception does not apply to Plaintiff's claim. Plaintiff's claim is clearly an attempt to use state law to impose obligations on United that are external to any contract

between the parties. Indeed, Plaintiff **admits** as much in his response brief. *See* Dkt. 13, at 4 (citing *Dwoskin v. Bank of Am., N.A.*, 850 F. Supp. 2d 557, 569 (D. Md. 2012) and arguing that Plaintiff is merely "attempting to use state law" "to enforce a similar general duty not to deceive or mislead consumers").

Plaintiff's second argument appears to be that ADA preemption does not apply because his claim is not "related to" United's rates, routes, or services. Dkt. 13, at 4. In a single conclusory sentence without any support, Plaintiff summarily states: "Defendant cannot explain how highlighting of its environmental initiatives to obtain positive media publicity relates to its rates, routes, or services." *Id.* (cleaned up). But United's motion not only explained how Plaintiff's claims relate to United's prices and services, it also cited holdings from numerous courts that agreed. *See* Dkt. 8, at 7-11. As United pointed out, Plaintiff's claim relates to United's prices because he alleges that purportedly deceptive advertisements *caused him to pay a price premium* to fly United instead of other airlines.[1] *Id.* at 7-9. United also explained that Plaintiff's claim relates to United's services because it challenges the manner in which United markets and advertises its principal service—"the furnishing of air transportation." *Id.* at 9 (quoting *Wolens*, 513 at 228).

Plaintiff fails to meaningfully address—much less refute—either of these arguments. Plaintiff's response does not cite a single case in which a court has ever found similar claims were not "related to" an airline's prices and services, and it does not discuss—much less distinguish— any of the case law in United's motion. Instead, Plaintiff cites *Dwoskin v. Bank of America, N.A.*, 850 F. Supp. at 569, a case that did not even involve the ADA. In *Dwoskin*, the court addressed preemption under a different statute, the Homeowners Protection Act of 1998, 12 U.S.C. § 4901,

---

[1] In fact, attempting to avoid dismissal based on his failure to plead a cognizable injury under the MCPA, Plaintiff doubles down on his allegations and confirms that his claim is based upon United deceiving consumers into paying a "price premium" for air transportation. *See* Dkt. 13, at 7-8.

*et seq.* ("HPA"), which is materially different than the ADA. *Id.* at 561. The HPA preempts state laws relating to the requirements for obtaining residential mortgage insurance, including claims related to the disclosure of information required by the statute. *Id.* at 566 (citing § 4908(a)(1)). Unlike the ADA, the HPA's preemption provision also contains a separate clause which exempts certain state laws from preemption so long as they are not inconsistent with the HPA. *Id.* (citing § 4908(a)(2)). The court in *Dwoskin* held that the plaintiff's MCPA claim was not preempted because it was not related to, and was not inconsistent with, the HPA's disclosure requirements. *Id.* at 568-69.

The inapposite *Dwoskin* case does not assist Plaintiff. Plaintiff's claim clearly "relates to" both United's prices and services, and both the Supreme Court and the Fourth Circuit have squarely held that the ADA preempts state consumer protection statutes related to airline advertising. *Wolens*, 513 U.S. at 228 (state consumer protection statutes cannot be used to "guide and police the marketing practices of the airlines"); *Cheatham*, 910 F.3d at 762 (citing *Wolens* and *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374 (1992) for the principle that the ADA "displaces a state's generally applicable consumer protection laws related to advertising" and "statutory causes of action related to fraudulent and deceptive practices"). Those controlling authorities compel the conclusion that Plaintiff's MPCA claim is preempted by the ADA, and the Complaint should therefore be dismissed in its entirety. Moreover, because no amendment could cure this defect, the dismissal should be with prejudice.

## II.    <u>Plaintiff Fails to State a Claim Against United.</u>

### A.    **Plaintiff Has Failed to Adequately Plead Any Elements of His Claim.**

As explained in United's motion to dismiss, irrespective of preemption, Plaintiff fails to adequately plead any elements of his claim under Rule 9(b). Dkt. 8, at 11-21. Plaintiff devotes less than a page of his response to addressing this argument, merely parroting the allegations of the

Complaint and concluding they are sufficient to satisfy Rule 9(b)'s heightened pleading standard. *See* Dkt. 8, at 5. But as explained in United's motion, the allegations fall well short of Rule 9(b)'s requirements because they contain only cherry-picked "screenshots" of *portions* of the supposed statements, which Plaintiff allegedly viewed at some unidentified time during a three-year period, and which somehow deceived him into purchasing some unidentified flights at some unidentified prices. Dkt. 8, at 11-21. Just as with his preemption argument, Plaintiff fails cite a single case in which any court has found such vague and conclusory allegations sufficient to withstand a motion to dismiss. Instead, Plaintiff supports his argument with two citations to inapposite authority. He cites *Williams v. BTST Servs., Inc.*, No. MJM-21-1732, 2023 WL 2585069, at *1 (D. Md. Mar. 21, 2023), for the notion that he has provided a "short and plain statement of the claim." *See* Dkt. 13, at 5. The quoted language, of course, addresses Rule 8's general pleading standard and not Rule 9(b)'s heightened standard applicable in this case. And he cites *Graves v. Lioi*, 930 F.3d 307, 317 (4th Cir. 2019)—an opinion granting summary judgment in favor of the defendant—for the general proposition that, on a motion to dismiss, a court should "embrace those specific facts that are necessary to support his claim." *See* Dkt. 13, at 5. The problem here, however, is that Plaintiff's Complaint completely lacks the "specific facts" that Rule 9(b) requires. This is not a matter of construing the alleged facts in Plaintiff's favor; it is a matter of Plaintiff failing to allege the "specific facts" in the first place.

United's motion further showed how examination of each of the three purported "statements" at issue highlights Plaintiff's pleading deficiencies. Dkt. 8, at 14-21. Plaintiff's response with respect to each of the supposedly misleading statements misses the mark and confirms that dismissal is appropriate.

With respect to United's goals to be "100% green" and "Carbon neutral by 2050," United's

motion explained that, in addition to lacking the required specificity, Plaintiff's claim failed because these forward-looking goal statements cannot constitute actionable misrepresentations. *Id.* at 14-17. In response, Plaintiff says merely that United is attempting to "recast" these claims as aspirational but does not explain how United is recasting anything. Dkt. 13, at 6.[2] To the contrary, the alleged statements about United's goals for 2050 are forward-looking on their face. Nor does Plaintiff even attempt to address any of the extensive case law cited in the motion to dismiss in which courts have dismissed substantially similar claims about companies' sustainability goals.

Next, United's motion specifically addressed the alleged "Eco-skies program" referenced in the Complaint, explaining that it is not a "general environmental benefit claim" and that the Complaint is completely devoid of any detail concerning when, where, or how United made this supposedly misleading claim. Dkt. 8, at 17-18. Plaintiff's response fails to address these arguments at all, and thus "Plaintiff [has] concede[d] the point." *See, e.g.*, *Rich v. Hersl*, No. ADC-20-488, 2022 WL 1423305, at *5 (D. Md. May 5, 2022) (collecting cases).

Finally, United's motion to dismiss addressed its alleged statements regarding SAF. *See* Dkt. 8, at 18-21. With respect to Plaintiff's allegation that the mere use of the word "sustainable" is misleading, United explained that "Sustainable Aviation Fuel" is the terminology used by the United States Government, the United Nations, and the leading international and domestic trade associations in the airline industry,[3] and thus it is simply not plausible that the term misleads reasonable consumers. *Id.* Plaintiff ignores this argument entirely, and merely urges the Court to

---

[2] The response also lumps in United's alleged statement about Sustainable Aviation Fuel ("SAF") with its 2050 goal statements. Dkt. 13, at 6. This conflates two arguments. United did not argue that its purported statement regarding SAF was aspirational in nature.

[3] Plaintiff does not dispute that the Court is permitted to take judicial notice of the webpages cited in United's motion to dismiss. *See* Dkt. 8, at 18 & n.3.

accept "Plaintiff's definition of 'sustainable' as 'the absence of GHG emissions,'" and in turn accept the conclusory allegation that the term "sustainable" would mislead a typical consumer. *See* Dkt. 13, at 6. The Court must accept well-pleaded facts as true, but it need not accept Plaintiff's conclusory assertions. Moreover, in conducting its "context-specific" inquiry in response to United's motion, the Court should apply "its judicial experience and common sense." *Francis v. Giacomelli*, 588 F.3d 186, 193 (4th Cir. 2009). Common sense dictates that using industry-standard and government-approved terminology cannot mislead reasonable consumers.

With respect to Plaintiff's allegation that United's statements were misleading because they did not disclose that United's SAF usage is "de minimis," United's motion explained that Plaintiff's bare-bones pleading lacked the factual context necessary to survive a motion to dismiss. *See* Dkt. 8, at 20-21. United's motion further provided the Court with language from United's website as an example of why the context surrounding the alleged statements is so important. *Id.* In response, Plaintiff merely asserts that United's website is "insufficient to cure deception." *See* Dkt. 13, at 7. This argument misses the point entirely. United did not cite to its website's disclosures about SAF to "cure" any alleged deception. Rather, as explained in its motion, the law in this district provides that an allegedly misleading "statement cannot be viewed in a vacuum; rather, it must be viewed in the context in which it was made, along with other representations to the consumer." *Botts v. Johns Hopkins Univ.*, No. CV ELH-20-1335, 2021 WL 1561520, at *19 (D. Md. Apr. 21, 2021) (cleaned up). Plaintiff provided none of that context, and thus his claim cannot survive dismissal. United cited to its website language merely as an example of ***why*** the law requires a plaintiff to provide the context in which the allegedly deceptive statement was made. Such context provides necessary information to allow a court to determine whether the alleged

statement is deceptive at all—not whether website information might "cure" the deception.[4]

In sum, Plaintiff has failed to adequately allege the elements of his MCPA claim. His vague and conclusory allegations are insufficient to satisfy even the traditional plausibility standard, and they do not come close to providing the specificity required by Rule 9(b). For this reason as well, his claim should be dismissed with prejudice.

### B.   Plaintiff Fails to Allege a Cognizable Injury Under The MCPA.

As set forth in United's motion to dismiss, Plaintiff's failure to plead a cognizable injury under the MCPA is an independent basis upon which his claim should be dismissed. Dkt. 8, at 21-22.  Plaintiff's "price premium" theory fails because the MCPA requires more than a "hypothetical price concession" as a result of the alleged misrepresentation. *Id.* (citing *Jones v. Koons Auto., Inc.*, 752 F. Supp. 2d 670, 684 (D. Md. 2010) and *Chambers v. King Buick GMC, LLC*, 43 F. Supp. 3d 575 (D. Md. 2014)).

Plaintiff's response confirms dismissal is required. Consistent with the rest of his response, Plaintiff fails to cite a single case in which a court has allowed similar claims to proceed—or even a case involving the MCPA at all. Instead, Plaintiff relies on two inapposite opinions. First, he cites *In re Gerber Prod. Co. Heavy Metals Baby Food Litig.*, No. 21-cv-269, 2022 WL 10197651 (E.D. Va. Oct. 17, 2022), where the plaintiff did not bring an MCPA claim, but rather made claims under the laws of several states other than Maryland. *Id.* at *2-3. Whether or not a "price premium" theory is cognizable under those state laws does not change the fact that such a theory is ***not*** cognizable under the MCPA, as courts in this district have consistently held. *See* Dkt. 8, at 21-22

---

[4] Plaintiff again does not cite a single case in which similar allegations, bereft of surrounding context, were permitted to proceed. The only case cited by Plaintiff is *Pediamed Pharms., Inc. v. Breckenridge Pharm., Inc.*, 419 F. Supp. 2d 715, 728 (D. Md. 2006), a Lanham Act case that has no readily apparent relevance to the issues here. Moreover, the phrase Plaintiff purports to quote does not appear anywhere in the cited opinion.

(citing cases). Second, Plaintiff cites *Ferdinand-Davenport v. Children's Guild*, 742 F. Supp. 772, 783 (D. Md. 2010). It is entirely unclear why Plaintiff cited this case. The cited passages involve a claim of pregnancy discrimination under Maryland law, do not involve the MCPA, and do not contain any discussion about "price premiums" or any other type of injury. *Id.* The case does not appear to have any bearing on the issues before this Court.

Plaintiff has failed to allege a cognizable injury under the MCPA. For this reason as well, his claim should be dismissed with prejudice.

## CONCLUSION

WHEREFORE, for the foregoing reasons and the reasons set forth in United's Motion to Dismiss, United respectfully requests that this Court dismiss the Complaint in its entirety with prejudice.


Dated: March 11, 2024              /s/ *Sondra A. Hemeryck*
                                   Sondra A. Hemeryck


                                   Laura Basem Jacobs
                                   Thomas F. Stowe
                                   BUDOW AND NOBLE, P.C.
                                   12300 Twinbrook Pkwy., Suite 540
                                   Rockville, MD 20852
                                   Tel.      301-654-0896
                                   ljacobs@budownoble.com
                                   tstowe@budownoble.com

                                   Sondra A. Hemeryck (*pro hac vice*)
                                   Eli J. Litoff (*pro hac vice*)
                                   RILEY SAFER HOLMES & CANCILA LLP
                                   70 W. Madison Street, Suite 2900
                                   Chicago, IL 60602
                                   Tel.      312-471-8700
                                   shemeryck@rshc-law.com
                                   elitoff@rshc-law.com

Brendan Gerdes (*pro hac vice*)
RILEY SAFER HOLMES & CANCILA LLP
136 Madison Avenue, 6th Floor
New York, NY 10016
Tel.     212-660-1040
bgerdes@rshc-law.com

*Attorneys for Defendant United Airlines, Inc.*

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that this 11th day of March, 2024, a copy of the foregoing **United Airlines Inc.'s Reply In Support of Its Motion to Dismiss Plaintiff's Class Action Complaint** was serviced via ECF/CMS to:

> Spencer Sheehan, Esq.
> Sheehan & Associates, P.C.
> 60 Cuttermill Road, Suite 412
> Great Neck, NY 11021
> *Lead Counsel for Plaintiff*

> /s/ *Sondra A. Hemeryck*
> Sondra A. Hemeryck
>
> Laura Basem Jacobs
> Thomas F. Stowe
> BUDOW AND NOBLE, P.C.
> 12300 Twinbrook Pkwy., Suite 540
> Rockville, MD 20852
> Tel.    301-654-0896
> ljacobs@budownoble.com
> tstowe@budownoble.com
>
> Sondra A. Hemeryck (*pro hac vice*)
> Eli J. Litoff (*pro hac vice*)
> RILEY SAFER HOLMES & CANCILA LLP
> 70 W. Madison Street, Suite 2900
> Chicago, IL 60602
> Tel.    312-471-8700
> shemeryck@rshc-law.com
> elitoff@rshc-law.com
>
> Brendan Gerdes (*pro hac vice*)
> RILEY SAFER HOLMES & CANCILA LLP
> 136 Madison Avenue, 6th Floor
> New York, NY 10016
> Tel.    212-660-1040
> bgerdes@rshc-law.com
>
> *Attorneys for Defendant United Airlines, Inc.*