IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| ALEXANDER ZAJAC, individually and on behalf of all others similarly situated, | * |
| | * |
| Plaintiff, | * |
| v. | *      Civil Action No. 8:23-cv-03145-PX |
| | * |
| UNITED AIRLINES, INC., | * |
| Defendant. | * |

\*\*\*

## MEMORANDUM OPINION

Pending in this consumer protection action is Defendant United Airlines, Inc.'s ("United") motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). ECF No. 8. The matter has been fully briefed, and no hearing is necessary. *See* Loc. R. 105.6. For the reasons stated below, the Court grants United's motion.

**I.     Background**

The facts alleged in the Complaint are taken as true and construed in the light most favorable to Plaintiff Alexander Zajac ("Zajac") as the nonmoving party. Zajac cares deeply about the environment and the impact of climate change. ECF No. 1 ¶¶ 45, 60, 65. As a conscientious consumer, Zajac evaluates corporate efforts to protect the environment before deciding whether to give a company his business. *Id.* ¶¶ 65, 67.

Between 2020 and 2023, United advertised its intent to be "100% green" and "[c]arbon neutral by 2050." ECF No. 1 ¶ 14. United also publicly touted its "Eco-Skies" program, an initiative aimed at curbing the adverse environmental impact of flying by, in part, using sustainable aviation fuel ("SAF") in lieu of traditional fossil fuels. *Id.* ¶¶ 18–19, 24–25. In

December 2021, United advertised that it would be the first airline "in aviation history to fly a passenger flight using 100% Sustainable Aviation Fuel." *Id.* ¶¶ 16, 24–25.

Zajac was drawn to United's stated initiatives, and from them, he grew convinced that flying with United visited a less adverse impact on the environment than flying with other airlines. ECF No. 1 ¶ 89. Accordingly, Zajac flew United sometime between October 2020 and October 2023. *Id.* ¶¶ 57, 71, 91. He also chose to pay more for flying on United because of its commitment to reducing adverse environmental impacts associated with air travel. *Id.* ¶¶ 72, 91–92.

At some point, Zajac learned that United's stated commitment to the environment was belied by the facts. The SAF that United claimed to use comprised only .025% of United's total fuel supply. ECF No. 1 ¶ 40 (1 million gallons of SAF used out of 4-billion-gallon fuel consumption). And although SAF may burn cleaner than fossil fuels, it still emits harmful carbon dioxide and other pollutants. *Id.* ¶ 29. Had Zajac know these facts, he would not have paid more to travel with United. *Id.* ¶¶ 72, 91.

On November 19, 2023, Zajac filed this class-action suit against United, alleging that United's misrepresentations regarding its Eco-Skies Program and the use of SAF violates the Maryland Consumer Protection Act, Md. Code Ann., Com. Law § 13-101, *et seq.* (the "MCPA") (Count I) and constitutes common law fraud (Count II). ECF No. 1. United moved to dismiss both claims as preempted under the Airline Deregulation Act, 42 U.S.C. § 41713 (the "Deregulation Act" or the "Act"). ECF No. 8. Zajac, in response, withdrew the fraud claim. ECF No. 13 at 6 n.1. As to the MCPA claim, Zajac contends that because the nature of United's deception focuses on its supposed commitments to "going green," the MCPA action is not preempted. *Id.* at 8–9.

**II.     Standard of Review**

A motion to dismiss for failure to state a claim on preemption grounds is reviewed under Federal Rule of Civil Procedure 12(b)(6).  *See Columbia Venture, LLC v. Dewberry & Davis, LLC*, 604 F.3d 824, 827 (4th Cir. 2010).  Accordingly, the Court must "accept the factual allegations in the complaint as true and construe them in the light most favorable to the nonmoving party." *Rockville Cars, LLC v. City of Rockville*, 891 F.3d 141, 145 (4th Cir. 2018).  To survive a motion to dismiss, a complaint's factual allegations "must be enough to raise a right to relief above the speculative level."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  The Court must grant the motion to dismiss if "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations."  *GE Inv. Priv. Placement Partners II v. Parker*, 247 F.3d 543, 548 (4th Cir. 2001) (quoting *H.J. Inc. v. Northwestern Bell Tel. Co.*, 492 U.S. 229, 249–50 (1989)).

**III.     Analysis**

United principally argues that because the MCPA claim alleges deception in United's pricing and services, the Deregulation Act expressly preempts the claim.  ECF No. 8 at 10–17.  The Supremacy Clause of the Constitution "renders federal law 'the supreme Law of the Land,'" state law "to the Contrary notwithstanding." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 191 (4th Cir. 2007) (quoting U.S. Const. art. VI, cl. 2).  Under the Supremacy Clause, any state law that "interferes with or is contrary to federal law is invalid." *Pinney v. Nokia, Inc.*, 402 F.3d 430, 453 (4th Cir. 2005) (quoting *Free v. Bland*, 369 U.S. 663, 666 (1962)).  Preemption may be "express or implied," but in either case, it is "compelled whether Congress' command is explicitly stated in the statute's language or implicitly contained in its structure and purpose." *Morales v. Trans World Airlines, Inc.*, 504 U.S. 374, 382 (1992) (quoting *FMC Corp. v. Holliday*, 498 U.S. 52, 56–57 (1990)).

3

To determine whether Congress intended to preempt state law in any given federal legislation, the Court looks first to the plain language of the federal statute. *AES Sparrows Point LNG, LLC v. Smith*, 527 F.3d 120, 125 (4th Cir. 2008) (citing *Sprietsma v. Mercury Marine*, 537 U.S. 51, 62–63 (2002)); *see also Air Evac EMS, Inc. v Cheatham*, 910 F.3d 751, 761 (4th Cir. 2018) (The "purpose of Congress is the ultimate touchstone in every preemption case." (internal citations omitted)). The Deregulation Act expressly prohibits states from "enact[ing] or enforc[ing] any law, rule, regulation, standard, or other provision having the force and effect of law relating to rates, routes, or services of any air carrier." 49 U.S.C. § 41713. Importantly, the Supreme Court has concluded that the Act's preemption provision, mirroring that of the ERISA statutory framework, "is a broad one." *Morales*, 504 U.S. at 383. Under the Act, if a state law has "a connection" to "airline rates, routes, or services," then the claim is preempted. *American Airlines v. Wolens*, 513 U.S. 219, 223 (1995) (quoting *Morales*, 504 U.S. at 384). Pertinent here, the Supreme Court also concluded that violations of "generally applicable consumer protection laws" related to deceptive fare advertising are preempted.[1] *Morales*, 504 U.S. at 383; *see also Gordon v. United Cont'l Holding, Inc.*, 73 F. Supp. 3d 472, 480 (D.N.J. 2014) (interpreting Supreme Court precedent as deciding that the ADA preempts state consumer protection statutes in general).

Moreover, where the alleged consumer law violation concerns the manner of transportation itself, then the law implicates an airline's provision of "services." *Hodges v. Delta Airlines, Inc.*, 44 F.3d 334, 336 (5th Cir. 1995) (quoting *Hodges v. Delta Airlines, Inc.*, 4 F.3d

---

[1] This does not mean that a customer is wholly without recourse when an airline uses deceptive advertising. The customer may file a complaint with the Department of Transportation, the federal agency responsible for pursuing administrative actions against airline carriers for unfair or deceptive practices. *Musson Theatrical, Inc. v. Fed. Exp. Corp.*, 89 F.3d 1244, 1250 (6th Cir. 1996) (citing 49 U.S.C. § 41712) (recognizing that Congress intended the Department of Transportation "to be the sole legal control on possible advertising fraud by air carriers.").

4

350, 354 (5th Cir. 1993)); *see Travel All Over the World, Inc. v. Kingdom of Saudi Arabia*, 73 F.3d 1423, 1433 (7th Cir. 1996) (same).  This includes the bargained-for aspects of the terms of service that the airline offers potential consumers to win their business.  *Branche v. Airtran Airways, Inc.*, 342 F.3d 1248, 1255–56 (11th Cir. 2003); *see also Arapahoe Cnty. Pub. Airport Auth. v. F.A.A.*, 242 F.3d 1213, 1222 (10th Cir. 2001) (noting the ADA's objective is to "encourage entry into air transportation markets by [] air carriers . . . to ensure a more effective and competitive airline industry" and thus, transportation itself is a service (internal citations and quotations omitted)).

United argues that the MCPA claim concentrates on how United's false "going green" advertising induced Zajac and others to fly with United at premium prices.  ECF No. 8 at 13–14.  Thus, says United, the claim sufficiently relates to "services" such that it is preempted.  *Id.*  Zajac, for his part, unpersuasively attempts to recast the MCPA claim as concerning solely United's false commitments to "going green" and using energy sources that are not fossil fuels.  ECF No. 13 at 8.

Reading the Complaint most favorably to Zajac and the putative class, United's alleged misrepresentations were aimed at inducing consumers to fly United at higher ticket prices.  *See* ECF No. 1 ¶¶ 14, 71–72, 91, 112.  From this, the Court easily concludes that the MCPA claim relates to United's provision of transportation services and is therefore preempted by the Deregulation Act.  *Cf. Wolens*, 513 U.S. 228 (recognizing ADA's purpose is to "leave largely to the airlines themselves . . . the selection and design of marketing mechanisms appropriate to the furnishing of air transportation services.").  The claim must be dismissed.[2]

---

[2] Although the Court declines to reach United's alternative argument that the MCPA claim fails for want of sufficient specificity, *see* ECF No. 8 at 17–27, the Court sees United's point.  To make plausible an MCPA claim, a plaintiff must aver not only the deceptive practice or misrepresentation, but some facts to demonstrate that the plaintiff relied on the misrepresentation to his detriment.  *Ayres v. Ocwen Loan Servicing, LLC*, 129 F. Supp. 3d

The Court will also dismiss this claim with prejudice. Generally, claims should be dismissed without prejudice when the plaintiff has not yet been afforded the opportunity to cure the pleading defects. *Cosner v. Dodt*, 526 F. App'x 252, 253 (4th Cir. 2013). But where such defects cannot be cured by amending the claim, dismissal with prejudice is warranted. *See Cozzarelli v. Inspire Pharms. Inc.*, 549 F.3d 618, 630 (4th Cir. 2008). The MCPA cause of action, at its core, concerns deceptive advertising that induced Zajac and others to purchase United's transportation services at premium prices. *See* ECF No. 1 ¶¶ 89, 91, 92. Indeed, the deceptive provision of services is the heart of the claim. *See id.* Given the broad reach of the Deregulation Act's preemption provision, the Court cannot see how Zajac could amend the claim to escape dismissal. Thus, the claim must be dismissed with prejudice.

## IV. Conclusion

Based on the foregoing, United's motion to dismiss is GRANTED. A separate Order follows.

| | |
|---|---|
| August 13, 2024 | /s/ |
| Date | Paula Xinis<br>United States District Judge |

---

249, 270 (D. Md. 2015) (citing *Stewart v. Bierman*, 859 F. Supp. 2d 754, 768–69 (D. Md. 2012)). The Complaint robustly pleads United's allegedly puffed environmental initiatives, but then only obliquely refers to Zajac's having "paid money" to United at some point between 2020 and 2023 that he "otherwise would have not paid had he known [United]'s representations about its environmental efforts were false or misleading." *See* ECF No. 1 ¶¶ 71–72. Without further detail making plausible that Zajac purchased airline travel in response to certain of United's misrepresentations, thereby demonstrating that Zajac relied on United's alleged false statements to his detriment, the claim likely fails as a matter of law. *See Bryant v. Koppers, Inc.*, 627 F. Supp. 3d 466, 478 (D. Md. 2022) (MCPA claim insufficiently pleaded where Complaint provided URL to defendant's website but did not specify "the time, place, or other circumstances" of the alleged misrepresentation nor how plaintiffs were deceived by it); *Wood v. Blue Diamond Growers*, No. 23-01363-BAH, 2024 WL 964222, at *7 (D. Md. Mar. 6, 2024) (plaintiff failed to state MCPA claim because he did not assert where and when he purchased the product with particularity).